JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-651 PA (RZx) | | Date | February 2, 2015 |
|---|---|---|---|---|
| Title | NMPB, LLC v. Andrew Cool | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Andrew Cool ("Defendant"), on January 28, 2015. In its Complaint, plaintiff NMPB, LLC ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Defendant alleges that removal is proper because Plaintiff's attempt to evict Defendant is the result of Defendant's nonpayment of rent, but Defendant maintains that he withheld his rent because Plaintiff was violating the Fair Housing Act, 42 U.S.C. § 3604.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-651 PA (RZx) | Date | February 2, 2015 |
|---|---|---|---|
| Title | NMPB, LLC v. Andrew Cool | | |

Defendant's allegations concerning Plaintiff's potential violations of the FHA do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal.  See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

The Court additionally notes that this appears to be the second time that Defendant has filed a Notice of Removal for the same complaint.  Defendants' first Notice of Removal was filed on January 7, 2015, and was assigned case number CV 15-123 GHK (ASx).  The Court remanded that case sua sponte on January 21, 2015, because Defendant's asserted federal defense pursuant to the Protecting Tenants at Foreclosure Act (the "PTFA"), 12 U.S.C. § 5220, did not establish a basis for removal.

A successive removal is permissible when made on new grounds arising from subsequent pleadings or events.  See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added).  However, a party cannot remove a case twice based on the same grounds.  See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction").  Indeed, a successive attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court."  One Sylvan, 889 F. Supp. at 64.

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a successive removal.  The current Notice of Removal does not contain any new and different ground for removal and is not based on a substantial change in the nature of the case since it was last in this Court.  Defendant has now impermissibly attempted to remove this action twice on the same grounds (i.e., the existence of a federal defense).  Such successive removals are improper and unjustified.  Any further attempts to remove this action may subject Defendant to the imposition of sanctions.

For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question jurisdiction exists over this action.  Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Ventura Superior Court, Case No. 56-2014-00460475CL-UD-VTA.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.